IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-00273-GPG

ROBERTO HUERTA GONZALEZ,

    Petitioner,

v.

JUAN BALTASAR, Warden, Aurora ICE Processing Center, in his official capacity;
ROBERT GUADIAN, Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity;
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity;
TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; and
PAMELA BONDI, Attorney General of the United States, in her official capacity;

    Respondents.

## ORDER

    Before the Court is the Verified Petition for Writ of Habeas Corpus (Petition) (D. 1). Because the briefing demonstrates that Petitioner Roberto Huerta Gonzalez's (Petitioner) challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243. For the reasons stated below, the Court GRANTS IN PART the Petition.

### I. BACKGROUND

    This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS,

1

2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025).  Petitioner seeks release or, in the alternative, a bond hearing (D. 1).

Petitioner has lived in the United States for more than twenty-five years (D. 1 at 14).[1] Petitioner has no criminal history that requires mandatory detention (*id*.).  At least at the time the Petition was filed, Petitioner was held by ICE at its facility in Aurora, Colorado (D. 1 at 3).

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

This Petition raised legal issues that the Court resolved in favor of petitioners on many prior occasions (*see* D. 1 at 12–13) (citing some of the Court's prior decisions).  In recognition of this, Respondents filed a Response noting their disagreement with the Court's past rulings (D. 17). The Court remains firmly convinced that the Court and the other Judges in the District who have addressed the issues raised here have correctly decided those and incorporates their analysis from these prior cases.  *Garcia Cortes*, 2025 WL 2652880, *1–*4; *Batz Barreno*, 2025 WL 3190936, *1–*3; *Mendoza Gutierrez v. Baltasar*, No. 25-cv-2720-RMR, 2025 WL 2962908, at *4–*9 (D.

---

[1] The Court takes certain facts from the Petition, which is verified (D. 1 at 23).  Defendants generally do not challenge any of the facts stated in the Petition, only the legal conclusions (*see* D. 17).  The Court exercises its discretion to rule without awaiting a reply.  *See* D.C.COLO.LCivR 7.1(d).

2

Colo. Oct. 17, 2025). Accordingly, the Court finds that Petitioner is entitled to a bond hearing that has not been provided in violation of due process.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of this Order. Respondents are ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial.

DATED February 4, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge