IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-00273-GPG

ROBERTO HUERTA GONZALEZ,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center, in his official capacity;
GEORGE VALDEZ,[1] Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity;
MARKWAYNE MULLIN,[2] Secretary of the U.S. Department of Homeland Security, in her official
capacity;
TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; and
TODD BLANCHE,[3] Attorney General of the United States, in her official capacity;

     Respondents.

---

**ORDER**

---

Before the Court is the Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Motion) (D. 24) filed by Petitioner Roberto Huerta Gonzalez.

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied detention hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226.

---

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).
[2] Substituted pursuant to Fed. R. Civ. P. 25(d).
[3] Substituted pursuant to Fed. R. Civ. P. 25(d).

After Petitioner was detained by U.S. Immigration and Customs Enforcement (ICE), he sought his release or, in the alternative, a detention hearing through a petition for habeas corpus (D. 1). The Court granted Petitioner a hearing (D. 18). Petitioner now seeks attorney's fees as the prevailing party under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (D. 24).

There are circumstances under EAJA where a plaintiff may recover reasonable attorney's fees from the United States. EAJA fees are available for successful habeas petitions. *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (holding an award of attorney's fees authorized under EAJA in habeas cases as a civil proceeding). "Under EAJA, a fee award is required if: (1) plaintiff is a prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A)." *Hacket v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (internal quotation marks removed). If the party seeking attorney's fees asserts that the position of the United States was not substantially justified, the government then has the burden of establishing substantial justification. *Id*.

> When a district court reviews an EAJA application, however, it considers (among other things) whether the government's litigating position enjoyed substantial justification in fact and law; that is, whether its litigating position was *reasonable* even if *wrong. See Gatson v. Bowen,* 854 F.2d 379, 380 (10th Cir. 1988). "The government's position can be [substantially] justified," we have repeatedly held, "even though it is not correct." *Hackett,* 475 F.3d at 1172 (internal quotation marks omitted). The test for substantial justification under the EAJA, the Supreme Court has added, is simply "one of reasonableness." *Pierce v. Underwood,* 487 U.S. 552, 563–64, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification.

*Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).

The dispositive dispute related to the Motion is whether Respondents' position was substantially justified. The Court finds that it was. The dispute raised by Petitioner's case was

whether his detention under 8 U.S.C. § 1225 was proper (D. 1).  The Court found that it was not and ordered a hearing (D. 18).  Other courts, including other judges in this district, have come out the other way.  *See, e.g., Singh v. Baltazar*, No. 1:26-CV-01076-DDD-TPO, 2026 WL 1282828, at *5 (D. Colo. May 11, 2026) (denying relief based on the "minority" position).  There is currently a circuit split regarding the proper result, which the Tenth Circuit has yet to weigh in on. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (denying hearing); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (denying hearing); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 72 (2d Cir. 2026) (granting hearing); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026) (granting hearing).  While the Court is firmly convinced in the majority position, it cannot say that Respondents' position was not substantially justified, at least as of the date it was advanced,[4] because their position paralleled such decisions.  *Kadidiatou D. v. Easterwood*, No. 26-CV-1218 (PJS/DLM), 2026 WL 969017, at *1 (D. Minn. Apr. 10, 2026) ("The division among courts, by itself, is strong evidence that the government's position was substantially justified.").

Accordingly, it is ORDERED that the Motion (D. 24) is DENIED.

DATED June 29, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

---

[4] The Court views the narrow construction of the term "arrives in the United States" in 8 U.S.C. § 1225 afforded by the Supreme Court recently in *Mullin v. Al Otro Lado*, No. 25-5, 609 U.S. ----, 2026 WL 1825741, at *3 (June 25, 2026), as shifting the balance such that Respondents' position will no longer be substantially justified going forward.